# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VANESSA PAREDES,<br><br>        Plaintiff,<br><br>v.<br><br>GRAPHIC PACKAGING INTERNATIONAL, LLC,<br><br>        Defendant. | <br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff, Vanessa Paredes ("Paredes" or "Plaintiff"), by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint at Law against Defendant, Graphic Packaging International, LLC ("GPI" or "Defendant"), states as follows:

### NATURE OF ACTION

1. This is a single-plaintiff action for damages against Defendant for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 2617 (right to civil action under the FMLA).

3. The unlawful employment practices described herein were committed at Defendant's facility located at 1500 Nicholas Blvd., Elk Grove Village, Illinois. Venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Vanessa Paredes resides in Bolingbrook, Illinois.

5. Paredes worked for GPI as a Feeder-Catcher in the Finishing Department at its facility located in Elk Grove Village, Illinois from on or around April 5, 2018, through on or around October 20, 2021.

6. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(3)(A).

7. Defendant GPI is a large manufacturer of paper-based packaging. It operates manufacturing facilities that are located throughout the United States. GPI's principal office is located in Atlanta, Georgia.

8. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

9. At all relevant times, GPI employed more than 50 employees within 75 miles of its Elk Grove Village location.

## FACTUAL ALLEGATIONS

10. Paredes worked for GPI as a Feeder-Catcher at is facility located at 1500 Nicholas Blvd., Elk Grove Village, Illinois 60007 from on or around April 5, 2018 through on or around October 20, 2021.

11. Throughout her entire employment, Paredes performed her job satisfactorily.

12. Paredes has a minor child who suffers from severe asthma and developmental delays ("A.M."). Both severe asthma and developmental delays constitute serious health conditions under the FMLA.

13. A.M.'s serious health conditions require regular treatments and doctor's visits.

14. A.M. suffers from occasional flare-ups from each of his serious health conditions.

15. In early 2020, Paredes applied for, and was granted, intermittent leave under the FMLA to care for A.M.

16. Defendant required Paredes to resubmit an FMLA certification to CIGNA, GPI's third-party benefits administrator, approximately every six (6) months in order to take intermittent leave.

17. The FMLA certification requires the employee's health care provider to complete several different sections, including one section for the frequency of "follow-up treatments/office visits", and an additional section for the frequency of "incapacity" (i.e., flare-ups).

18. Under each of the above-mentioned sections, the form states in bold that "**Form is considered incomplete/insufficient if not provided for an intermittent leave.**"

19. Since early 2020 when Paredes was first granted intermittent leave, Paredes consistently required time off for both "follow-up treatments/office visits" and for periods of "incapacity" to care for A.M.

20. On June 16, 2021, A.M.'s doctor, Dr. Afsoon Karimi, submitted Paredes' FMLA certification to CIGNA for intermittent leave for the time period of June 17, 2021 through December 17, 2021.

21. However, unbeknownst to Paredes, Dr. Karimi inadvertently left the "incapacity" section blank, rendering the form incomplete. Dr. Karimi only completed the "follow-up treatments/office visits" section.

22. GPI approved Paredes for the time reflected under the "follow-up treatments/office visits" section for the time period of August 6, 2021 through December 17, 2021.

23. Paredes was unaware that she was not approved for any leave time for periods of incapacity.

24. Each time that Paredes needed to use her family medical leave ("FML"), she was required to call a CIGNA representative and inform them of how much time she intended to use and whether it was being used for "incapacity" or "follow-up treatments/office visits."

25. Throughout August 2021 through October 2021, there were approximately five (5) occasions where Paredes needed to use time for "incapacity". Each time, Paredes reported her absences in accordance with GPI policy, called the CIGNA representative, and informed them of the qualifying reasons for her absence.

26. Despite the fact that CIGNA did not approve any incapacity leave for Paredes' August 2021 FMLA recertification, the representative never informed Paredes of that denial on any of the occasions that she called and reported that she was using her FML time off to care for A.M.'s incapacity.

27. As such, Paredes was unaware that she was accumulating attendance points for each of these occasions because GPI had classified her absences as "unexcused."

28. On October 8, 2021, GPI's Human Resource ("HR") Manager, Alondra Robles, contacted Paredes and told her that she had accumulated eight (8) points under GPI's attendance policy due to several unexcused absences, which made Paredes eligible for termination for too many unauthorized absences.

29. Paredes discovered that several of the points were issued for absences that should have been covered by her intermittent FML.

30. Paredes then learned for the first time that Dr. Karimi had submitted an incomplete FML certification that inadvertently omitted the hours of leave she needed for A.M.'s periods of incapacity.

31. When Paredes brought this to HR's attention, Robles instructed her to have Dr. Karimi complete the "incapacity" section on the previously submitted FMLA certification and resubmit it to CIGNA within the next seven (7) days, by October 15, 2021.

32. In the meantime, Defendant placed Paredes on suspension.

33. On October 11, 2021, Dr. Karimi resubmitted the completed FMLA certification to CIGNA, which included the leave needed each month for incapacity.

34. On October 13, 2021, CIGNA approved Paredes' FMLA intermittent leave request for the additional twelve (12) hours of leave four (4) times each month for "incapacity" through December 17, 2021.

35. On October 15, 2021, Paredes contacted Robles, who confirmed that CIGNA had received the completed FMLA certification.

36. However, Defendant refused to correct Paredes' absence record to reclassify several points as approved FML time. Consequently, October 20, 2021, Defendant terminated Paredes.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

37. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

38. Defendant GPI is a covered employer as defined by the FMLA. 29 U.S.C. §2611(4)(A)(i).

39. At all times relevant to this Complaint and the claim alleged, Plaintiff was an eligible employee as defined by the FMLA. 29 U.S.C. §2611(2)(A).

40. As an eligible employee who required time off due to her child's serious health conditions, Plaintiff was entitled to take leave pursuant to the FMLA.

5

41. Plaintiff gave proper notice to Defendant of her need for leave under the FMLA.

42. "The employer shall advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state in writing what additional information is necessary to make the certification complete and sufficient." 29 CFR § 825.305(c).

43. "A certification form is considered incomplete if the employer receives a certification, but *one or more of the applicable entries have not been completed*." Id. (emphasis added).

44. "The employer must provide the employee with seven calendar days [. . .] to cure any such deficiency." Id.

45. The FMLA certification form that Dr. Karimi submitted to CIGNA on June 16, 2021 did not have the "incapacity" section completed; therefore, the certification was incomplete.

46. The certification form itself also states explicitly under each applicable section that the "Form is considered incomplete/insufficient if not provided for an intermittent leave."

47. GPI was required to provide Paredes seven (7) calendar days to cure the deficiency in her certification form.

48. Paredes resubmitted the cured certification form within seven (7) calendar days per HR's instructions.

49. Notwithstanding, GPI terminated Paredes.

50. Paredes was denied a benefit for which she was entitled to under the FMLA.

51. Defendant interfered with Paredes' rights under the FMLA by failing to inform her that the certification that Dr. Karimi submitted on June 16, 2021 was incomplete, failing to inform her in writing what additional information was necessary to make the certification complete, and terminating her despite her timely curing the deficiency in her FMLA certification.

6

52. Defendant interfered with Plaintiff's rights under the FMLA by disciplining her, suspending her, and terminating her employment.

53. Defendant's violations of the FMLA have caused Paredes to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Vanessa Paredes respectfully requests that this Court enter an order as follows:

> A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;
>
> B. Enjoining and permanently restraining these violations of the FMLA;
>
> C. Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of FMLA;
>
> D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);
>
> E. Awarding Plaintiff her reasonable attorneys' fees and costs incurred in connection with the instant action; and
>
> F. Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

| | |
|---|---|
| Dated: April 25, 2022 | Respectfully submitted, |
| | |
| Alexis D. Martin (06309619) | VANESSA PAREDES, |
| Katherine E. Stryker (#6333420) | |
| Caffarelli & Associates, Ltd. | |
| 224 S. Michigan Ave., Suite 300 | By: /s/ Katherine E. Stryker |
| Chicago, Illinois 60604 | Attorney for Plaintiff |
| Tel. (312) 763-6880 | |
| *amartin@caffarelli.com* | |
| *kstryker@caffarelli.com* | |